**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN THE MATTER OF THE COMPLAINT OF          CIVIL ACTION
MARQUETTE      TRANSPORTATION
COMPANY GULF-ISLAND, LLC., AS OWNER
AND OPERATOR OF THE TOWING VESSEL          NO:      13-6351
JEREMY, FOR EXONERATION FROM OR
LIMITATION OF LIABILITY
                                            SECTION: "G" (4)

## ORDER

Before the Court is Marquette Transportation Company Gulf-Inland, LLC's ("Marquette")

**Motion to Compel Limitation Claimant to Submit to an Independent Medical Examination**

**and for Sanctions (R. Doc. 39)** seeking an Order from this Court compelling limitation claimant,

Christopher Evans, to submit to an independent medical examination ("IME"), to fully comply with

all testing / evaluation procedures of the IME and for sanctions. *See* R. Doc. 39, p. 1. The motion

is opposed. *See* R. Doc. 42. It was heard by oral argument on Wednesday, August 6, 2014.

I.     **Background**

On October 7, 2013, Evans, an employee of Marquette, filed his original petition in the 25th

Judicial District Court for the Parish of Plaquemines, alleging that he sustained permanent and

severe personal injuries on or about May 30, 2013, while he was in the course and scope of his

employment as a Jones Act Seaman, aboard Marquette's towing vessel, JEREMY ("the vessel").

*See* R. Doc. 1-2, ¶¶ 1, 5. Specifically, Evans alleges that he allegedly suffered injury to his  head,

neck and back while performing duties as a deck hand in the vicinity of the vessel's deck, when he

was struck in the face by a mooring cable or wire, which caused him to be thrown into the

Mississippi River, necessitating a water rescue by a co-employee. *See* R. Doc. 6, p. 6; *see also* R.

Doc. 39-1, p. 1.

On November 7, 2013, Marquette filed its complaint for Exoneration from or Limitation of Liability, removing Evans' petition to this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims, alleging that any physical damage, personal injuries, etc., claimed by Evans were not caused or contributed to by any fault, negligence, unseaworthiness or lack of due care on its part, the vessel, or any person it might be responsible for. Furthermore, Marquette alleges that the cable which allegedly caused Evans' injury is owned by third party defendant, United Bulk Terminals Davant, LLC; and thus it should be exonerated from any liability. *See* R. Doc. 1, p. 1, 3-4; *see also* R. Doc. 20, p. 8.

As to the instant motion, on August 4, 2014, Marquette filed the instant **Motion to Compel Limitation Claimant to Submit to an Independent Medical Examination and for Sanctions (R. Doc. 39)** and a **Motion to Expedite (R. Doc. 40)** consideration thereof, on the grounds that Evans failed to submit to an IME, and Marquette needed the medical findings from the IME before the expiration of the discovery period on August 21, 2014, and the expert report deadline on September 2, 2014. *See* R. Doc. 40-1, p. 1. Marquette also argued that the underlying motion, which was noticed for submission on August 20, 2014, would not permit for the IME to be scheduled, much less take place before the September 2, 2014. *Id.* Based on those arguments, the Court granted expedited consideration and rescheduled the instant motion to be heard on August 6, 2014.

As to the underlying motion to compel Evans to submit to an IME, Marquette argues that Evans's alleges injuries to his head, neck and back, among other injuries to his mind, body head and brain, and seeks monetary damages associated with these injuries. *See* R. Doc. 39-1, p. 3. Marquette further argues that on January 6, 2014, Evans was diagnosed with cognitive disorder, adjustment disorder with mixed anxiety, depressed mood, and recommended to visit a neuropyschologist, by

neuropsychologist, Susan Andrews. *Id.* Although Evans received this recommendation by Susan Andrews, Marquette contends that Evans did not return to visit Dr. Andrews, nor did he produce records to establish that he visited another neuropsychologist. *Id.* Rather, Marquette contends that Evans treats with psychologist Melissa Dufrene of Algiers Neurobehavioral Resource, L.L.C. *Id.* Therefore, Marquette contends that it should be entitled to have Evans submit to an IME by neuropsychologist, Dr. Kevin Bianchini.

Marquette contends that on May 19, 2014, Evans submitted to an IME before Dr. Bianchini. *Id.* However, Marquette contends that the IME was unable to be completed because Evans complained of vision problems. Therefore, Marquette contends that Dr. Bianchini recommended Evans visit an opthamologist to evaluate his eyesight.

Interestingly though, Marquette contends that vision problems did not effect any treatment visits with Evans' psychologist, Dr. Andrews, nor did it halt Evans from renewing his drivers license shortly before the May 19, 2014 IME with Dr. Bianchini. *Id.* at 3-4.

Regardless of these facts, in light of the September 2, 2014 expert report deadline, Marquette contends that it attempted to reschedule a time for Evans to complete his IME with Dr. Bianchini, but has been unable to do so because of Evans's lack of cooperation. *Id.* at 4. Specifically, Marquette contends that several requests for IME dates went unanswered, until counsel for Evans agreed to July 23-24 as potential IME dates. *Id.* However, several days before the scheduled IME, Marquette contends that counsel for Evans notified it that he was not going to be able to attend the IME because he was unable to find a babysitter for his two year old child. Therefore, Marquette attempted to reschedule the IME, but Dr. Bianchini's availability did not permit for the IME to be rescheduled.

As such, Marquette contends that its undersigned counsel advised counsel for Evans that he

would move this Court enter an Order compelling Evans to submit to an IME, as well as for the costs and fees, including cancellation fees from Dr. Bianchini's office. *Id.* Marquette contends that thereafter, Evans attended the IME, but refused to "meaningfully participate" therein, as he brought his two year old child to the two day IME, and was again unable to complete the evaluation. As such, Marquette filed the instant motion seeking this Court enter an Order compelling Evans to submit to an IME with Dr. Bianchini, and for costs associated with the filing of the instant motion. *Id.* at 5.

## II.   <u>Standard of Review</u>

Rule 35 provides in pertinent part that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed. R. Civ. P. 35(a)(1).  The court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *See* Fed. R. Civ. P. 35(2).

Thus, there is a two-part test for determining whether the motion will be granted.  First, the physical or mental state of the party must be in controversy.  Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118.  A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. at 119.

"The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

## III.   <u>Analysis</u>

Marquette contends that as a result of Evans's consistent refusals to meaningfully participate in Dr. Bianchini's IME, it filed the instant motion seeking an Order from this Court compelling Evans to submit to an IME. *See* R. Doc. 39-1, p. 5.  Marquette contends that Evans's mental condition is clearly at issue because he claims personal injuries related to his mind, body, head and brain, among several other areas. Furthermore, Marquette contends that Evans was diagnosed with cognitive disorder, adjustment disorder with mixed anxiety, depressed mood, and recommended to visit a neuropyschologist, by Dr. Susan Andrews on January 6, 2014. *See* R. Doc. 39-1, p. 3. Therefore, Marquette contends that Evans's mental state is at issue, and good cause exists to warrant this Court Order Evans to submit to an IME.

Rule 35 requires that an IME may be ordered where a movant demonstrates first, that the physical or mental state of the party must be in controversy.  Second, the moving party must show good cause as to why the motion should be granted.  *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). *See also Jackson v. Entergy Operations, Inc.,* No. 96-4111, 1998 28272, at *2 (E.D. La. Jan. 26, 1998). Although Rule 35 does not expressly limit the number of examinations a party may be

required to undergo, each request for an IME "must turn on its own facts, and the number of examinations a party may be subjected depends solely upon the circumstances underlying the request." *Davis v. Baker Hughes Oilfield Operations, Inc*., No. 05-2679, 2007 WL 1558721, at *2 (E.D. La. May 29, 2007); *Jackson*, 1998 WL 28272, at *2 (E.D.La. Jan.26, 1998); *Moore v. Calavar Corp*., 142 F.R.D. 134, 135 (W.D.La.1992).  However, where "the moving party has already made an examination in the past, . . . the court will require a stronger showing of necessity before it will order repeated examinations." *Davis,* 2007 WL 1558721 at *2; *Case v. JFP Offshore, Inc*., No. 95-3239, 1996 WL 210720 at *1 (E.D.La. April 29, 1996).

During oral argument, counsel for Evans argued that neither he nor his client contest that Evans's physical condition is at issue. Counsel for Evans also argued that his client is not opposed to submitting to the remaining portion of the IME, as long as it is at a time convenient for him to obtain child care for his two year old. However, counsel for Evans argued that this motion should not have been filed, as the parties could have come to this resolution without court intervention.

Based on the parties arguments, the Court finds that because Evans does not contest finishing the remaining portion of the IME, Marquette's motion was filed without properly conferring in good faith, as required by Fed. R. Civ. P. 37(a), prior to its filing, and thus is denied. Accordingly,

**IT IS ORDERED** that Marquette Transportation Company Gulf-Inland, LLC's ("Marquette") **Motion to Compel Limitation Claimant to Submit to an Independent Medical Examination and for Sanctions (R. Doc. 39)** is **DENIED**.

New Orleans, Louisiana, this 7th day of August, 2014

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**