UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| *In re* THE MATTER OF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC. | CIVIL ACTION<br><br>NO. 13-6351<br><br>SECTION: "G"(4) |

# ORDER

Before the Court is United Bulk Terminals Davant, LLC's ("UBT") unopposed "Motion for Partial Summary Judgment,"[1] wherein UBT requests judgment against Claimant Christopher Evans dismissing any and all liability claims against UBT, and reserving to UBT its right to seek attorney's fees. Under Local Rule 7.5, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." The present motion was filed on August 13, 2014 and set for submission on September 3, 2013. Neither Evans nor Marquette Company Gulf-Inland, LLC (Marquette), has filed an opposition at this time, and therefore the Court deems the motion unopposed. District courts may grant an unopposed motion for summary judgment as long as the motion has merit.[2]

---

[1] Rec. Doc. 45. Also pending before the Court are Claimant Christopher Evans's "Motion to Reset Case as a Bifurcated Jury Trial," Rec. Doc. 18; Evans's "Motion to Dissolve Limitation Injunction, Motion to Enter Stipulations, and Motion to Stay Limitation Action," Rec. Doc. 19; Evans's "Motion to Strike Pleadings Entitled Answer and Defenses,' Which Includes a Third Party Complaint," Rec. Doc. 21, Evans's "Ex Parte / Consent Motion for Expedited Hearings on Ex Parte Motion to Continue Trial," Rec. Doc. 50; Evans's "Motion to Continue Trial," Rec. Doc. 51; and Evans's "Motion for Leave to File Supplemental Memorandum in Support of United Bulk Terminals Davant LLC's Motion for Partial Summary Judgment as Well as Claimant's Motion to Dissolve the Limitation Injunction and Motion to Stay Limitation Action," Rec. Doc. 53.

[2] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

On November 7, 2013 Marquette initiated this action for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Rules of Certain Admiralty & Maritime Claims of the Federal Rules of Civil Procedure.[3] It filed an amended complaint on November 20, 2013.[4] The Court imposed a limitation injunction and restraining order on November 21, 2013.[5] Evans filed an "Answer and Claim" against Marquette on December 26, 2013.[6] On December 30, 2013, UBT filed an "Answer and Claim" denying liability and seeking defense, contribution, and indemnity from Marquette for costs, attorney's fees, and for any amount to which UBT is held liable "in the event UBT is named a defendant or Marquette tenders Evans' Claim to UBT pursuant to Federal Rules [sic] of Civil Procedure 14(c)."[7] On July 3, 2014, Evans filed a "Motion to Dissolve Limitation Injunction, Motion to Enter Stipulations, and Motion to Stay Limitation Action."[8] On July 8, 2014, Marquette filed its "Answer and Defenses" to Evans's claims and a third-party complaint against UBT4.[9] In its third-party complaint, Marquette "tender[ed] UBT to Evans as if Evans had sued UBT himself, and must prove [his] allegations against UBT as UBT

---

[3] Rec. Doc. 1.

[4] Rec. Doc. 4.

[5] Rec. Doc. 5.

[6] Rec. Doc. 6.

[7] Rec. Doc. 8 at p. 6.

[8] Rec. Doc 19.

[9] Rec. Doc. 20.

2

and not Marquette was responsible for operating the cable at issue."[10] On July 30, 2014, with leave of Court, Evans filed a "Supplemental and Amended Limitation of Liability Claim."[11]

As noted above, UBT filed the present motion for partial summary judgment on August 13, 2014.[12] In its motion, UBT points to deposition transcripts in which Marquette's Captain stated that UBT did not do "anything incorrectly that caused or contributed" to the accident in which Evans was allegedly involved, and that in which UBT's Operator stated that he "did all [he] . . . could to prevent the accident from happening."[13] UBT further points to Evans's pleadings in support of his "Motion to Dissolve the Limitation Injunction, Motion to Enter Stipulation, and Motion to Stay Limitation Action," in which Evans stated that "based on the recent depositions of both UBT and Marquette employees who were on the scene of the accident, Mr. Evans does not intend to make any further litigation claims against UBT."[14] UBT also quotes Evans's "Supplemental Amending Limitation of Liability Claim of Christopher Evans," in which Evans stated that:

> Claimant's injuries were due solely to the negligence of the defendant Marquette and/or its crew members and the unseaworthiness of the Marquette push boat (M/V Jeremy) as well as the unseaworthiness of its crew including the captain and other deckhands and its related equipment specifically excluding all barge mooring equipment, mooring, towing or barge haul cables or coal barge loading or unloading procedures owned, operated or controlled by UBT[; and]
>
> Claimant's permanent, painful and disabling injuries suffered while in the course and scope of his employment duties with defendant, Marquette Gulf-Inland, were caused

---

[10] *Id.* at p. 6.

[11] Rec. Doc. 33.

[12] Rec. Doc. 45.

[13] Rec. Doc. 45–1 at p. 3.

[14] *Id.* at p. 4 (citing Rec. Doc. 19 at p. 3).

> solely and proximately by the negligence of the defendant, Marquette, its employees, the crew of the push boat M/V Jeremy or other persons whose negligence pursuant to the Jones Act, 46 U.S.C. '30501 et seq. and strict liability is imputable to the defendant and/or through the unseaworthiness of the vessel including all of its appurtenances and equipment including the unseaworthiness of its crew and specifically excluding any negligence or other fault of UBT as the owner or operator of its coal terminal facility located at Davant, Louisiana [15]

UBT contends that these statements amount to "judicial admissions," which, according to the United States Court of Appeals for the Fifth Circuit, are "a formal concession[s] in the pleadings or stipulations by a party or counsel that [are] . . . binding on the party making them." While "a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention."[16] "Factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."[17] The Court finds that Evans's statements amount to judicial admissions, and that, on the basis of these admissions, Evans may not now claim that UBT is responsible for his injuries. UBT also urges the court to "reserv[e] its rights to Marquette for attorney's fees."[18] To the extent that UBT has claimed attorney's fees, the Court will grant its unopposed request.

---

[15] Rec. Doc. 33 at p. 2.

[16] *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

[17] *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

[18] Rec. Doc. 45.

4

Accordingly,

**IT IS ORDERED** that UBT's "Motion for Partial Summary Judgment"[19] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this ___29th___ day of September, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[19] Rec. Doc. 45.