**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CIVIL ACTION**

*In re THE MATTER OF MARQUETTE*
*TRANSPORTATION COMPANY GULF-INLAND,*
*LLC.*

**NO. 13-6351**

**SECTION: "G"(4)**

## ORDER

This litigation arises from an accident that allegedly occurred aboard the Jeremy, a towing vessel.[1] Before the Court is Claimant Christopher Evans's "Motion to Reset Case as a Bifurcated Jury Trial."[2] Having considered the motion, the memorandum in support, the memorandum in opposition, the memorandum in response, and the applicable law, the Court will grant the pending motion.

## I. Background

### A.   *Factual Background*

In his claim, Christopher Evans alleges that he was struck in the face by a mooring cable and thrown into the Mississippi River while he was employed as a deckhand aboard the Jeremy.[3] The accident, according to Evans, severely injured him, and necessitated a water rescue by a co-employee.[4] Evans maintains that his injuries were caused solely by the negligence of Limitation

---

[1] Rec. Doc. 1 at pp. 2–3; Rec. Doc. 6 at pp. 6–12.

[2] Rec. Doc. 18.

[3] Rec. Doc. 6 at pp. 6–7.

[4] *Id.*

Plaintiff Marquette Transportation Company Gulf-Inland, LLC and the unseaworthiness of the Jeremy and its equipment.[5]

**B.      *Procedural Background***

On October 7, 2013, Evans filed a Jones Act and General Maritime action against Marquette in the 25th Judicial District Court for the Parish of Plaquemines.[6] On November 7, 2013, Marquette initiated this action for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Rules of Certain Admiralty & Maritime Claims of the Federal Rules of Civil Procedure.[7] Marquette filed an amended complaint on November 20,2013.[8] On November 21, 2013, the Court imposed a limitation injunction and order restraining Evans from pursuing his state court lawsuit while the limitation action was pending.[9]

Evans filed an "Answer and Claim" against Marquette on December 26, 2013.[10] On December 30, 2013, United Bulk Terminals Davant, LLC ("UBT")  filed an "Answer and Claim" denying liability and seeking defense, contribution, and indemnity from Marquette for costs, attorney's fees, and for any amount to which UBT is held liable if "UBT is named a defendant or Marquette tenders Evans' Claim to UBT pursuant to Federal Rules [sic] of Civil Procedure 14(c)."[11]

---

[5] *Id.* at p. 7.

[6] Rec. Doc. 18-1 at p. 1.

[7] Rec. Doc. 1.

[8] Rec. Doc. 4.

[9] Rec. Doc. 5.

[10] Rec. Doc. 6.

[11] Rec. Doc. 8 at p. 6.

On July 1, 2014, Evans filed the instant motion to bifurcate.[12] On July 3, 2014, Evans filed a "Motion to Dissolve Limitation Injunction, Motion to Enter Stipulations, and Motion to Stay Limitation Action," in which Evans urges the Court to permit him to proceed against Marquette in state court.[13] On July 15, 2014, UBT filed a "Response" to Evans's motion to bifurcate,[14] and Marquette filed an opposition to that same motion.[15]

## II. Parties' Arguments

### A.    *Evans's "Motion to Reset Case as a Bifurcated Jury Trial"*

In support of his "Motion to Reset Case as a Bifurcated Jury Trial,"Evans notes that on October 7, 2013, he filed a Jones Act and General Maritime complaint against Marquette, with jury trial demanded, in the 25th Judicial District Court for the Parish of Plaquemines.[16] One month later, Marquette filed the instant action.[17] Evans notes that when he filed an Answer and Claim in this proceeding on December 26, 2013, he requested a jury trial "on all counts alleged."[18] Nonetheless,

---

[12] Rec. Doc. 18.

[13] Rec. Doc 19 at p. 1.

[14] Rec. Doc. 28.

[15] Rec. Doc. 29. Additionally, on July 8, 2014, Marquette filed its "Answer and Defenses" to Evans's claims and a third-party complaint against UBT, in which Marquette "tender[ed] UBT to Evans as if Evans had sued UBT himself, and must prove [his] allegations against UBT as UBT and not Marquette was responsible for operating the cable at issue." Rec. Doc. 20 at p. 6. On July 10, 2014, Evans moved to strike Marquette's "Answer and Defenses." Rec. Doc. 21. On July 30, 2014, with leave of Court, Evans filed a "Supplemental and Amended Limitation of Liability Claim" in which Evans specifically excluded UBT from his claims. Rec. Doc. 33. UBT filed a motion for partial summary judgment on August 13, 2014. Rec. Doc. 45. Neither Evans nor Marquette opposed the motion. The Court granted UBT's motion on September 29, 2014, finding that Evans's representations to the Court precluded him from asserting that UBT is liable for his injuries, and granting UBT's request that the Court reserve its rights to Marquette for attorney's fees. Rec. Doc. 61.

[16] Rec. Doc. 18-1 at pp. 1–2.

[17] *Id.* at p. 2.

[18] *Id.*

Evens maintains, when the case manager from the Clerk's Office held a telephone conference with the parties on January 17, 2014 with the purpose of setting a trial date, "this matter was erroneously set as a non-jury trial."[19]

Evans argues that this Court should "reset this matter as a bifurcated jury trial in accordance with the jurisprudence contained in *Brister v. AWI, Inc.*"[20] In *Brister*, Evans contends, although the plaintiff initiated his action in federal court rather than state court, as here, the plaintiff made Jones Act and General Maritime law claims that were "identical" to those at issue here.[21] There, the district judge "followed well-settled Fifth Circuit jurisprudence" and bifurcated the action, allowing the Jones Act and General Maritime causes of action to be tried before the jury, and the limitation claims to be tried before the judge sitting in admiralty.[22]

Evans notes that while the Seventh Amendment does not grant the right to a jury trial in civil admiralty cases, "there are clear exceptions when admiralty issues may be tried to a jury."[23] Such exceptions, according to Evans, include claims under the Jones Act, which confers a statutory right to trial by jury, and claims brought under General Maritime law when those claims are "joined" to a Jones Act claim.[24]

---

[19] *Id.*

[20] *Id.* (citing 749 F.Supp. 749 (E.D. La. 1990)). Specifically, Evans moves the Court to reset this case "as a bifurcated trial with the jury adjudicating plaintiff's Jones Act and General Maritime Law claims while the Hon. Judge Nannette Jolivette Brown sits as an admiralty judge and adjudicates Marquette's limitation of liaibility claims." Rec. Doc. 18 at p. 2.

[21] *Id.* at pp. 2–3.

[22] *Id.* at p. 3.

[23] *Id.* at pp. 3–4.

[24] *Id.* at p. 4.

**B.**     ***UBT's Response***

In its "Response" to Evans's motion, UBT states that it has "no opposition or objection to Claimant's Jones Act claim or unseaworthiness claims being tried as a jury trial reserving to this Honorable Court all issues attended to Marquette Transportation Company Gulf-Inland, L.L.C.'s Limitation of Liability Action."[25]

**C.**     ***Marquette's Opposition***

In opposition, Marquette argues that the Court should not grant Evans's request to bifurcate trial on the present action, because Evans previously filed suit in state court asserting "identical" claims, there are multiple claimants before the Court in the present action, and Evans has filed a motion to dissolve the Court's order staying all other proceedings "so that he may litigate his claims in state court before a jury."[26]

Marquette notes that two Fifth Circuit cases, *Pershing Auto Rentals, Inc. v. Gaffney*[27] and *Magnolia Marine Transport v. LaPlace Towing Corp.*,[28] set forth considerations relevant to the present motion.[29] In *Pershing*, Marquette contends, the Fifth Circuit "vacated the district court's modification of its injunction prohibiting some claimants in a multiple claim-inadequate fund case to try their negligence claims in state court," based on a concern that "allowing the claimants to try their negligence claims in state court would destroy the concursus in admiralty that is the heart of

---

[25] Rec. Doc. 28.

[26] Rec. Doc. 29 at pp. 4–5.

[27] 279 F.2d 546 (5th Cir. 1960).

[28] 964 F.2d 1571 (5th Cir. 1997).

[29] Rec. Doc. 29 at pp. 4–5.

the limitation system."[30] In *Magnolia Marine*, Marquette avers, "the Fifth Circuit was concerned with the conflict between state court claims for negligence and concurrent limitation of liability proceedings in a federal court forum," and "denied the limitation plaintiffs' motion to strike the jury, because the claimants had not filed their claims in state court nor in any way threatened the federal court's adjudication of the limitation issue."[31] Marquette argues that Evans's actions "constitute the exact concerns" discussed in these two cases, and "threaten the concursus in admiralty,"making denial of his motion appropriate.[32]

### III. Law and Analysis

Evans urges this Court to set this matter for bifurcated trial, with Marquette's limitation claims tried before the Court and his Jones Act and General Maritime claims tried before the jury. Marquette opposes this request because Evans continues to seek a jury trial on these claims in state court, "threatening the concursus in admiralty." Pursuant to the Court's November 21, 2013 order, Evans's state court action is stayed pending the determination of the present action,[33] and Evans has brought his Jones Act and General Maritime claims against Marquette in this Court.[34]

### A.   *The Parties' Chosen Trial Procedures*

Since both parties' claims are presently set for trial before this Court, it is necessary to determine in the first instance whether rights to a jury trial or a bench trial are implicated at all.

---

[30] *Id.* at p. 4.

[31] *Id.* at pp. 4–5.

[32] *Id.* at p. 5.

[33] Rec. Doc. 5. at p. 4.

[34] Rec. Doc. 6 at pp. 6–12.

Marquette initiated the present action under 46 U.S.C. §§ 30501 *et seq.*, the federal statutory scheme governing actions for exoneration and limitation of liability. Evans, on the other hand, seeks relief under the Jones Act and the General Maritime law, and has demanded a jury trial.[35]

### 1.       Jury Trial Under the Jones Act and General Maritime Law

Evans seeks relief under the Jones Act. That statute, as codified at 46 U.S.C. § 30104, provides that "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer."  The Supreme Court has held that the Jones Act's jury trial right also applies to General Maritime law claims deriving from the same "transaction or accident" as an underlying Jones Act claim.[36] Evans's jury trial demand is therefore proper.

### 2.       Bench Trial in the Limitation Action

Marquette initiated the present action as an action for exoneration from, or limitation of, liability. Limitation actions employ a "special nonjury procedure" in which "the amount of the claims exceed[] the value of the ship and its cargo," and the shipowner seeks to limit liability to the value of the ship and its cargo.[37] In a limitation proceeding, the district court, "sitting without a jury, determines the liability of the shipowner and distributes the limitation fund among the claimants in

---

[35] Evans also notes that he has not elected to designate his claim against Marquette as one in admiralty under Federal Rule of Civil Procedure 9(h). Federal Rule of Civil Procedure 9(h)(1) provides that "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions."

[36] *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 18–21 (1963) ("Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments.").

[37] CHARLES ALAN WRIGHT, ARTHUR R. MILLER, *ET AL.* 14A FEDERAL PRACTICE AND PROCEDURE § 3672 (4th Ed. 2014).

a proceeding called concursus."[38] The Supreme Court, in *Lewis v. Lewis & Clark Marine, Inc.*, described the procedure in this way:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.[39]

On the basis of these authorities, Marquette is entitled to a bench trial on the issue of limitation.

**B.     *Bifurcation***

As established above, the Court anticipates a non-jury proceeding on limitation and is also faced with a proper jury demand related to claims that will arise during this proceeding. It is therefore confronted with a procedural conflict. Evans proposes to remedy the conflict by resetting "this matter" as a "bifurcated trial with the jury adjudicating Plaintiff's Jones Act and General Maritime Law claims while the [Court sits in admiralty] . . . and adjudicates Marquette's limitation of liability claims."[40] Marquette contends that bifurcation in this federal limitation action will "threaten the concursus in admiralty."

Other Courts, and multiple treatises, have recognized the conflict that arises when jury-triable claims are asserted in limitation proceedings, especially in situations where claimants invoke the so-called "saving-to-suitors" clause of 28 U.S.C. § 1333[41] and seek to litigate their jury-eligible

---

[38] *Id.*

[39] 531 U.S. 438, 448 (2001).

[40] Rec. Doc. 18 at p. 2.

[41] That clause provides that "The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

claims in state court.[42] Although the propriety of litigation in state court is a contested issue in this case,[43] it is not before the Court on the present motion.

The Fifth Circuit does not appear to have directly addressed whether bifurcation is appropriate when faced with jury-triable claims in a limitation action. However, the parties' cited authorities, including *Matter of Complaint of L.L.P. v. D*[44] cited by Marquette, and *Brister v. A.W.I., Inc.*,[45] cited by Evans, demonstrate that the Fifth Circuit has addressed cases tried in this way, and has not found the procedure erroneous. In *Brister*, the Fifth Circuit reviewed a district court's judgment following a bifurcated bench trial on limitation and jury trial on Jones Act claims, finding no error in the Court's birfurcation of the proceedings *per se*.[46] In *Complaint of L.L.P.,* the district court correctly noted that *Brister* was not the only instance in which the Fifth Circuit left district courts' decisions to bifurcate "undisturbed."[47] In that case, the district court denied the limitation

---

[42] *See e.g. Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001) ("Some tension exists between the saving to suitors clause and the Limitation Act."); *In re Mississippi Limestone Corp.,* No. 9-36, 2010 WL 4174631 (N.D. Miss. Oct. 7, 2010) (Some tension exists between the Limitation Act and the saving to suitors clause[.] . . . Specifically, the requirement of the Limitation Act that the federal district court adjudicate (for multiple claimants) both the question of liability and whether limitation is appropriate—referred to as the concursus1 requirement—deprives claimants of their right to pursue their actions in state court, and importantly, deprives them of the right to a jury trial"); *Matter of Cooper / T. Smith Stevedoring Co., Inc.,*735 F. Supp. 689 (E.D. La. 1990) (Sear, J.) ("This motion presents the recurring conflict between the exclusive federal jurisdiction vested by the Limitation of Liability Act . . . and the presumption in favor of jury trials and common law remedies embodied in the saving to suitors clause"); THOMAS J. SCHOENBAUM, 2 ADMIRALTY & MARITIME LAW § 15-5 (5th Ed. 2013) (discussing courts' decisions balancing claimants' rights under the saving-to-suitors clause with shipowners' rights under the Limitation Act); ROBERT FORCE & MARTIN J. NORRIS, 1 THE LAW OF MARITIME PERSONAL INJURIES § 15:10 (5th Ed. 2013) (same).

[43] *See* Rec. Doc. 19; Rec. Doc. 25

[44] No. 97-1667, 1997 WL 563999 (E.D. La. Sep. 8, 1997) (Clement, J.)

[45] 946 F.2d 350 (5th Cir. 1991).

[46] 946 F.2d at 353; 362.

[47] *Id.* at *2 (citing *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346 (5th Cir. 1993)(reversing district court's denial of limitation of liability, but not its bifurcation); *Seals v. AWI, Inc.*, No. 89-4739, 1992 WL 28064

9

plaintiff's motion to strike the jury as to the Jones Act and unseaworthiness claims, reasoning that the Fifth Circuit's approval of this procedure and the lack of competing state-court actions capable of threatening the "concursus" supported its decision.[48]

Wright and Miller suggest that bifurcation may be appropriate where jury-triable personal injury claims are presented in a limitation action, stating that:

> Limitation actions and personal injury or wrongful death actions may be tried simultaneously if the court decides to proceed in that fashion. When that occurs, the limitation issues are kept from the jury in the spirit of the concursus procedure and the traditional admiralty claims also will be heard without a jury trial.[49]

Courts in other circuits have used this procedure to preserve claimants' rights to a jury trial while maintaining the "concursus" established by the limitation proceeding.[50]

Marquette's other cited authorities appear to address whether pending state-court actions might threaten the "concursus" established by a federal limitation action.[51] In *Pershing*, the Fifth Circuit held that where multiple claimants assert rights to recover against a fund that is insufficient to satisfy each claim, all of the rival claims must be tried in the limitation proceeding.[52] In *Magnolia*

---

(E.D. La. Feb. 4, 1992) (Heebe, J.) *aff'd* 579 F.2d 210 (5th Cir. 1992); and *Gautreaux v. Scurlock Marine, Inc.*, No. 94-879, 1995 WL 10828 (E.D. La. Jan. 11, 1995) (Clement, J.) *rev'd on other grounds by* 84 F.3d 776 (5th Cir. 1996) (affirming order denying limitation as a matter of law following jury trial on Jones Act and General Maritime claims) *vacated on other grounds on rehearing* en banc *by* 107 F.3d 331 (5th Cir. 1997)).

[48] 1997 WL 563999 at *2–*3.

[49] CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET AL. 14A FEDERAL PRACTICE AND PROCEDURE § 3672 (4th Ed. 2014).

[50] *See, e,g. Complaint of Poling Transp. Corp.*, 776 F.Supp. 779, 786 (S.D.N.Y. 1991) ("The proper approach here is to empanel a jury at the outset and allow trial to proceed on issues pertaining both to limitation and the common law claims. At the close of the evidence, the court will determine the admiralty issues, including any preclusive effect to be given to that resolution. The remaining issues on the state law claims, if any, will be submitted to the jury.").

[51] *See Magnolia Marine*, 964 F.2d at 1575–76; *Pershing*, 279 F.2d at 551–52..

[52] 279 F.2d at 551–52.

*Marine*, also cited by Marquette, the Fifth Circuit held that multiple claimants may proceed in state court while preserving the "concursus" in a federal limitation action as long as these claimants "agree[] and stipulat[e] as to the priority in which claimants will receive satisfaction against the shipowner from the limited fund."[53] In the present motion, however, Evans has only urged the Court to bifurcate the trial in this *federal limitation action*. Whether he may litigate in state court notwithstanding the pending limitation action is a separate issue.

Given that the only issue presented by this motion is whether the Court should bifurcate the *federal* trial, Marquette's argument that bifurcation would "threaten the concursus"[54] is unfounded. Mindful of Evans's statutory right to try his Jones Act and General Maritime claims to a jury, this Court will follow the procedure adopted by other district courts and bifurcate trial here. Accordingly,

**IT IS ORDERED** that Evans's "Motion to Reset Case as a Bifurcated Jury Trial"[55] is **GRANTED**. The Court will decide Marquette's limitation of liability claims to the extent that Marquette is entitled to try these claims to the Court under controlling law, and a jury will decide Evans's Jones Act and General Maritime Law claims to the extent that Evans is entitled to try these claims to a jury under controlling law.

**NEW ORLEANS, LOUISIANA**, this __13th__ day of November, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[53] 964 F.2d at 1575–76.

[54] Rec. Doc. 29 at p. 5.

[55] Rec. Doc. 18.